## MONTGOMERY COAL CORP. v. STACY.

Court of Appeals of Kentucky.

Feb. 8, 1952.

As Modified on Denial of Rehearing
June 13, 1952.

E. C. Wooton and D. G. Boleyn, Hazard, for appellant.

Don A. Ward, Hazard, for appellee.

CLAY, Commissioner.

Appellee filed this suit to "recover" a ten acre tract of land in Perry County, and judgment was entered in his favor. On this appeal appellant contends such a judgment is not sustained by the evidence.

Appellant claims under a patent issued to W. L. Combs and a deed executed by James Stacy. Since the Combs patent is junior to one through which appellee claims, and the two overlap, appellant's title hinges on whether or not James Stacy conveyed his superior title in the overlap to appellant's predecessor in title.

Appellee's contention is that: (1) James Stacy conveyed nothing, even though he executed as grantor with other parties what is known as the "W. D. Combs" deed; and (2) the description in this deed did not cover the overlap.

Though the deed does not show James Stacy's source of title, it is apparent that he was conveying whatever interest he had in the land covered by the junior W. L. Combs' patent. There is nothing in the record to show why he joined in this deed except for that purpose.

The next question is whether or not the description in the W. D. Combs deed included the property to which appellant claims title.

It is practically admitted by appellee that one of the key calls in this deed and others in the chain of title began at a large rock marked with an X on top, and proceeded north 21 degrees, 30 minutes west, 935.5 feet to a stake. It is appellant's contention that the line from this natural object (the large rock) is controlling. Appellant introduced a qualified surveyor who had made a survey on the ground using the descriptions in pertinent patents and deeds. He ran the line from the large rock in the direction specified in the description, and demonstrated that the land in controversy included in this boundary had been conveyed to appellant.

In rebuttal appellee introduced another surveyor who testified principally from memory in an attempt to contradict this survey. This witness, however, did not actually run the line appearing in the pertinent deeds, nor did he make a survey of the tract described in appellee's petition. His testimony failed to show that the survey made by appellant's witness was incorrect. In addition, with respect to this key boundary line, it appears appellee has recognized its correct location as contended by appellant for approximately half of its distance, because appellee has not disputed the claim of a third party whose boundary is on this same line.

It is clear from the evidence that the proper location of the principal boundary was established by starting from a natural object and following the call. Appellee argues that even though the location of the natural object is correct, the line might run in any direction from it. This is an unusual contention in view of the fact that the deeds specified the precise direction in which the line shall run from the natural

object. We think the clear description in appellant's deed is controlling, and the survey based on this description is of much greater significance than the remembrance of witnesses as to the location of the line. We are convinced that the evidence greatly preponderates in appellant's favor, and the Chancellor erred in adjudging appellee to be the owner of the tract in controversy.

The judgment is reversed for consistent proceedings.